ORIGINAL

# In the United States Court of Federal Claims

No. 18-19C
(Filed: March 5, 2018)

FILED

MAR - 5 2018

U.S. COURT OF
FEDERAL CLAIMS

```
*****************************          *
                                        *
JOHN USSERY,                            *
                                        *
                Plaintiff,              *
                                        *
        v.                              *
                                        *
THE UNITED STATES,                      *
                                        *
                Defendant.              *
                                        *
*****************************
```

## ORDER DISMISSING CASE

On December 29, 2017, Plaintiff, proceeding *pro se*, filed a complaint alleging that he was unjustly terminated from his probationary position with the Department of Agriculture in June 2011, on the basis of race and age discrimination. On February 27, 2018, Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of jurisdiction and failure to file within the six year statute of limitations period. Plaintiff has not responded; however, as jurisdiction is a threshold question, the Court may rule on the Defendant's motion without waiting for a response.

Plaintiff has filed this claim *pro se* or without legal counsel. A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). If the Court finds that it lacks subject matter jurisdiction over a claim, it must dismiss that claim. RCFC 12(h)(3).

Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act and the Age Discrimination in Employment Act based upon allegations that he was unjustly terminated from his position on the basis of his race and age. It is well established that this Court lacks jurisdiction to hear claims based on discrimination or other civil rights violations. *Taylor v. United States*, 310 Fed. Appx. 390, 393 (Fed. Cir. 2009) ("Because Title VII vests jurisdiction over discrimination claims exclusively in the district court, the Court of Federal Claims cannot exercise jurisdiction over those claims."). Therefore, this Court must dismiss this claim for lack of subject matter jurisdiction.

7016 3010 0000 4308 4263

Additionally, Plaintiff has named the Secretary of Agriculture and Mr. James H. Redington, a second tier supervisor of Plaintiff, as defendants. This Court lacks jurisdiction over these defendants. The only proper defendant in this Court is the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

Finally, even if this Court maintained jurisdiction, Plaintiff's claims are out of time pursuant to this Court's six year statute of limitations. *See* 28 U.S.C. § 2501. Plaintiff alleges the Department of Agriculture wrongfully terminated him on June 9, 2011 and alleges various actions that occurred prior to his termination. As a result, to meet this Court's jurisdictional limitation of six years, Plaintiff's claim had to be filed on or before June 9, 2017. Therefore, Plaintiff's Complaint filed on December 15, 2017 is out of time and this Court lacks subject matter jurisdiction.

For the reasons set forth above, the Defendant's Motion to Dismiss is **GRANTED** and the Clerk is directed to dismiss the case and enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge
for
EDWARD J. DAMICH
Senior Judge